UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **BENNIE L. GAMBLE, JR.,** | **CIVIL ACTION NO. 5: 14-120-KKC** |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **WILLIAM LONG, ASST. ATTY. GEN.,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Bennie L. Gamble, Jr., is an inmate confined at the Northpoint Training Center in Burgin, Kentucky. Gamble has filed a one-page "Criminal Complaint" on an AO Form 91, naming Assistant Attorney General William Long as the defendant. [R. 1]

Gamble's complaint contends that Long violated his "civil rights" in violation of Title 18, Chapter 13; "conspired against [his] rights" in violation of Title 18, Section 241; "depriv[ed his] rights under color of law" in violation of Title 18, Section 242; committed "peonage" and "obstruct[ed] enforcement" in violation of Title 18, Section 1581; committed fraud and made false statements in violation of Title 18, Section 1002; and committed major fraud against the United States in violation of Title 18, Section 1031. Gamble states that his claims are based upon the following facts: "Constitutional; Fact doctrine, Jurisdictional; fact doctrine, Constitutional tort, Government tort, intentional tort, Negligent tort, Personal tort, Prima: facie." For administrative purposes, the Clerk of the Court has docketed Gamble's criminal complaint as a civil rights action filed pursuant to 42 U.S.C. § 1983. *Id*.

Over a three-day period, Gamble filed a total of six such one-page "criminal complaints," identical in all respects save for the name of the identified defendant. *Gamble v. Thapar*, No. 7:

14-CV-41-KKC (E.D. Ky. 2014); *Gamble v. Corrections Corp. of America*, No. 7: 14-CV-45-ART (E.D. Ky. 2014); *Gamble v. Ky. Dept. of Corr.*, No. 5: 14-CV-117-KKC (E.D. Ky. 2014); *Gamble v. Conway*, No. 5: 14-CV-118-DCR (E.D. Ky. 2014); *Gamble v. Bottom*, No. 5: 14-CV-119-JMH (E.D. Ky. 2014); *Gamble v. Long*, No. 5: 14-CV-120-KKC (E.D. Ky. 2014).

Gamble has a well-established history as a repetitive and abusive filer before this Court, and each of the defendants he has named in his "criminal complaints" was a named defendant in one or more of several prior civil rights actions filed by Gamble in an effort to overturn his Kentucky state convictions. Each case was dismissed by this Court upon initial screening. *Gamble v. Corrections Corp. of America*, No. 7: 12-CV-79-KKC (E.D. Ky. 2012); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-63-ART (E.D. Ky. 2013); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-82-ART (E.D. Ky. 2013); *Gamble v. Commonwealth of Kentucky*, No. 5: 13-CV-308-DCR (E.D. Ky. 2013); *Gamble v. Ky. Dept. of Corr.*, No. 5: 13-CV-317-KKC (E.D. Ky. 2013); *Gamble v. Bottom*, No. 5: 13-CV-326-JMH (E.D. Ky. 2013); *Gamble v. Conway*, No. 5: 13-CV-327-JMH (E.D. Ky. 2013); *Gamble v. Peckler*, No. 5: 13-CV-328-KSF (E.D. Ky. 2013).

Gamble's "criminal complaint" must be dismissed, because only a prosecutor has the authority to file criminal charges; a private citizen like Gamble lacks standing to initiate criminal proceedings. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (explaining that a private citizen may not compel enforcement of a criminal law, because he "lacks a judicially cognizable interest in the prosecution of nonprosecution of another") (internal quotation marks omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution. ..."). And while the Court might otherwise liberally construe Gamble's filing as yet another attempt to challenge his state convictions through the civil rights statutes, his prior and

repeated invocation of that remedy makes clear that he knows how to do so when he wishes. In any event, Gamble has long been subject to the "three strikes" bar of 28 U.S.C. § 1915(g), and the Court construes his current invocation of federal criminal statutes against the same defendants named in his prior civil rights actions as merely an attempt to evade the consequences of his prior frivolous filings.

As noted above, Gamble has now filed over a dozen actions before this Court, most of which have been dismissed as frivolous or for failure to state a claim. Gamble has also filed over dozen actions in the Western District of Kentucky, most of which have similarly been dismissed shortly after filing as frivolous, for failure to state a claim or for lack of subject matter jurisdiction. *Cf. Gamble v. Hines*, No. 5:14CV-P50-R (W.D. Ky. Mar. 28, 2014). A district court has inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). While the Court affords additional latitude to litigants untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), that forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975).

A litigant who repeatedly files frivolous lawsuits or motions abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee, and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. To deter such conduct, the courts have the inherent power to impose appropriate sanctions. *Chambers*, 501 U.S. at 45-46. The court may prospectively order the vexatious litigant to request and receive permission before filing any new lawsuit, *Filipas v.*

*Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F.3d 222, 224 (6th Cir. 1989), preclude him from receiving a waiver of the filing fee, *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992), or require him to pay attorneys fees, *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002).

Gamble has repeatedly filed frivolous and duplicative lawsuits, conduct that serves no legitimate purpose, and places a tremendous burden on this Court's limited resources while depriving other litigants with plausible claims of the speedy resolution of their cases. This conduct evidences his bad faith and constitutes an abuse of the judicial process. Because he is serving a prison term in excess of 100 years and has no financial resources from which to pay either filing fees or a court-ordered fine, a prospective restriction upon his filing of such lawsuits is the only plausible and remaining means to deter his abusive conduct.

Accordingly, it is **ORDERED** as follows:

1. Gamble's Criminal Complaint [R. 1] is **DISMISSED WITH PREJUDICE.**

2. The Court will enter a judgment contemporaneously with this Order.

3. Gamble may not file any lawsuit in this Court in the future without the prior written authorization of the Court. If he wishes to obtain such authorization, Gamble must complete (a) a one-page letter, typewritten and double-spaced, requesting permission to file suit; and (b) a form Civil Rights Complaint [EDKy Form 520], which must be typed and which must describe the facts of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explaining what he wants the Court to do. The complaint may not exceed the 8-page form complaint and one additional page of explanation. Gamble must file each of these documents with the Clerk of the Court, Lexington Division, who shall refer them to a Judge of this Court for decision whether to permit the suit to be filed.

4. The Clerk of Court is shall **RETURN, UNFILED**, any letter or document submitted by Gamble that does not comply with these requirements.

5. This matter is **STRICKEN** from the active docket of the Court.

Entered April 22, 2014.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY